IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Nathaniel Hallman, | C/A No. 3:19-3089-MBS-KFM |
| Petitioner, | **REPORT OF MAGISTRATE JUDGE** |
| vs. | |
| United States Department of Justice, William Barr, Henry McMaster, | |
| Respondents. | |

      The petitioner, a non-prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, seeking to enforce a purported arbitration agreement (doc. 1). Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court. The petitioner's case was entered on the docket on October 31, 2019 (doc. 1). Having reviewed the petitioner's petition, the undersigned recommends it be dismissed.

## BACKGROUND

      The petitioner seeks enforcement of a purported arbitration award against the respondents for his 21-year imprisonment in the Federal Bureau of Prisons ("BOP"), which he claims was unconstitutional (doc. 1). As an initial matter, the court takes judicial notice of the petitioner's criminal proceedings in this district wherein the petitioner pleaded guilty to being a felon in possession of a firearm, and possession with intent to distribute five grams or more of cocaine base.[1] *See United States v. Hallman*, Cr. No. 3:05-376-MBS-1

---

[1] *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.'").

(D.S.C.). Here, the petitioner asserts that he has obtained a valid and binding arbitration award from the "Sitcomm Arbitration Association" against the respondents for more than $6 billion dollars (*see generally* doc. 1), but fails to provide any underlying contract signed by the respondents agreeing to arbitrate his claims.

## STANDARD OF REVIEW

The petitioner filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a respondent who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As noted above, the petitioner filed the instant action pursuant to the Federal Arbitration Act, seeking to enforce an arbitration award against the respondents. For the reasons that follow, the instant matter is subject to summary dismissal.

**Federal Arbitration Act**

The United States Arbitration Act (Pub.L. 68–401, 43 Stat. 883, enacted February 12, 1925, codified at 9 U.S.C. § 1 *et.seq.*), also called the Federal Arbitration Act or FAA, provides for judicial facilitation of private dispute resolution through arbitration. *See Southland v. Keating*, 465 U.S. 1 (1984). The FAA provides for contract-based compulsory and binding arbitration, resulting in an award entered by an arbitrator or an arbitration panel, as opposed to a judgment entered by a court. Because the FAA is contract-based between

the parties at issue, a unilateral arbitration in which one party has not contractually agreed to participate in arbitration to resolve the purported claim is invalid under the FAA and unenforceable in a court of law.

Here, the petitioner seeks an order from the court enforcing an arbitration document that purports to award the petitioner a sum of $6,132,000,000.00 dollars from the respondents for 21 years that the petitioner served behind bars (docs. 1; 1-1). The petitioner claims to have entered into a written contract with the respondents that invokes arbitration, but fails to provide the contract to this court. Further, beyond the unsupported recitations in the purported award that the respondents have expressly agreed to arbitrate his constitutional claims, the petitioner has provided no proof that the respondents agreed to or were involved in the arbitration. Moreover, review of the documentation provided by the petitioner reveals that he seeks judicial enforcement of an arbitration award resulting from a unilateral arbitration for which the respondents plainly did not contractually commit to nor participate in. Accordingly, the purported award is unenforceable, and the petitioner's case is subject to dismissal.[2]

## **RECOMMENDATION**

The undersigned is of the opinion that the petitioner cannot cure the defects identified above by amending his petition/motion. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 623 (4th Cir. 2015). As noted in more detail above—in addition to being frivolous, the instant action seeks enforcement of an unenforceable (sham) arbitration

---

[2] To the extent the petitioner seeks damages, arguing that his rights were violated by his 21 year criminal sentence, his claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged. *Id*. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Here, the petitioner's convictions have not been overturned or invalidated, as confirmed in an order entered on November 27, 2018, denying the petitioner's motion to vacate pursuant to § 2255. *United States v. Hallman*, Cr. No. 3:05-376-MBS-1, at doc. 216. As such, the petitioner's claims would also be barred by *Heck*.

award as well as seeks damages that are barred by *Heck*. Thus, the undersigned recommends that the court decline to automatically give the petitioner leave to amend his petition. Accordingly, based upon the foregoing, the Court recommends that the District Court dismiss this action without prejudice and without issuance and service of process.

**The petitioner's attention is directed to the important notice on the next page.**

    **IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

November 20, 2019
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).