IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Nathaniel Hallman, | ) | |
| | ) | C/A No. 3:19-cv-03089-MBS |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| United States Department of Justice, | ) | |
| William Barr, and | ) | |
| Henry McMaster, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner Nathaniel Hallman, a non-prisoner litigant proceeding pro se and in forma pauperis, seeks relief under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., to enforce a purported arbitration agreement.  In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling. This matter is now before the court for review of the Magistrate Judge's Report and Recommendation.

On October 2, 2006, Petitioner pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and one count of intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). *See United States v. Hallman*, Cr. No. 3:05-376-MBS (D.S.C. Oct. 2, 2006).  The court sentenced Petitioner to a term of imprisonment of 188 months, which, on the government's motion, the court subsequently reduced to a term of 151 months.  Petitioner was also sentenced to a term of supervised release for four years.  Petitioner was released from custody of the Federal Bureau of Prisons on February 10, 2017.  On October 31, 2019, Petitioner filed this

action seeking to enforce an arbitration award against Respondents related to his term of imprisonment.

On November 20, 2019, the Magistrate Judge issued a Report and Recommendation recommending summary dismissal of the Petition without prejudice.[1] ECF No. 12. The Magistrate Judge observed that Petitioner asserts entitlement to an arbitration award in the amount of $6,132,000,000.00, but fails to provide written evidence of Respondents' agreement to arbitrate. Rather, the Magistrate Judge found, the Petition appears to seek enforcement of a unilateral contract. Pursuant to *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005), the Magistrate Judge advised Petitioner of his right to file an objection to the Report and Recommendation. ECF No. 12 at 5. Petitioner has not filed an objection and the deadline for doing so has expired.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error. *Diamond*, 416 F. 3d at 315; *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Opriano v. Johnson*, 687 F.2d 44, 77

---

[1] The Magistrate Judge also noted that on the record before him any claim for damages Petitioner might assert would be barred under *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a person must first successfully challenge a prison sentence before he or she may recover damages on a claim for unlawful imprisonment).

[2] On February 7, 2020, well beyond the deadline for filing an objection, Petitioner filed a 64-page document entitled, "Conditional Acceptance for the Value/Agreement/Contract no." ECF No. 19. To the extent Petitioner intended this filing to serve as an objection it is untimely and it fails to reference any specific finding in the Report and Recommendation.

3

(4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the Magistrate

Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Notwithstanding Petitioner's failure to object, the court has thoroughly reviewed the record and

concurs in the Magistrate Judge's recommendation. The Report and Recommendation, ECF No.

12, is incorporated herein by reference. The Petition is dismissed without prejudice and the

Respondents are not required to file a return.

      **IT IS SO ORDERED**.


                /s/Margaret B. Seymour

                Margaret B. Seymour
                Senior United States District Judge

Dated: October 20, 2020
Columbia, South Carolina